### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THEODORE BUSH and :    No. 3:11cv670
PAMELA BUSH :
        **Plaintiffs** :
  :    **(Judge Munley)**
   **v.** :
  :
CITY OF SCRANTON, :
MICHAEL MITCHELL, Individually, :
MARK SEITZINGER, Individually and :
CARL GRAZIANO, Individually :
        **Defendants** :

## MEMORANDUM

Before the court for disposition is defendants' motion to dismiss (Doc. 4).  The motion has been briefed and is ripe for disposition.

## BACKGROUND

Plaintiffs Theodore and Pamela Bush owned a house and garage located at 311-313 Ferdinand Street, Scranton, Pennsylvania.  (Compl. ¶ 11 (Doc. 1)).  On July 21, 2009, the house was severely damaged by fire. (Id. ¶ 13).  That same day Michael Mitchell, Deputy Director of Safety and Conservation for the Department of Licensing, Inspections and Permits for the City of Scranton, sent a letter to plaintiffs' house.  (Id. ¶ 14).  The letter provided notice that the house was scheduled for immediate demolition as a health and safety hazard to the public.  (Id.)  Plaintiffs allege they did not receive the letter and therefore did not have notice of the demolition.  (Id.)

On July 22, 2009, a neighbor told Plaintiff Pamela Bush that the City of Scranton was preparing to raze the house.  (Id. ¶ 15).  Plaintiff Pamela Bush arrived at the property by 8:30 a.m. and offered to have a competent demolition contractor raze the house.  Defendants refused.  (Id. ¶¶ 16-18).

On the same day that the house was demolished, Mark Seitzinger, Director of Licensing for the City, ordered that the plaintiffs' garage also be razed.  (Id. ¶¶ 14, 22).  Plaintiffs allege that the garage was razed without notice or opportunity to contest or appeal that decision.  (Id. ¶¶ 21, 23).

Plaintiffs later asked the City Solicitor why the garage had also been destroyed, alleging that the garage was structurally sound and did not pose any threat to the life, health or safety to the public. (Id. ¶ 25).  The City Solicitor explained to the plaintiffs that the City Engineer had opined that the garage should be razed because it would be unreasonable to repair the structure.  (Id. ¶ 25).

On April 11, 2011, plaintiffs filed their complaint.  (Doc. 1).  Plaintiffs name the City of Scranton ("City") and the following officials in their individual capacities as defendants: Michael Mitchell, Deputy Director of Safety and Conservation for the City; Mark Seitzinger, Director of Licensing, Inspections, and Permits for the City; and Carl Graziano, Building Inspector for the City.

Plaintiffs claim that the City took the plaintiffs' property without providing them with just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution.  They claim that the individually named defendants deprived the plaintiffs of their property rights without due process of law in violation of the Fourteenth Amendment under the procedural component of the Due Process Clause.  Plaintiffs also claim that the individually named defendants conspired among themselves to effectuate the total demolition of the plaintiffs' garage in violation of their federally protected rights.  Plaintiffs assert compensatory damages plus attorneys fees, interest, and costs.  Plaintiffs also seek punitive damages against the individually named defendants.

Defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, bringing the case to its present posture.

JURISDICTION

The court has federal question jurisdiction over this case brought

under section 1983 for violation of plaintiffs' constitutional rights.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief).

**LEGAL STANDARD**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  Phillips, 515 F.3d at 232 (citation omitted).  "Rule 8(a)(2) requires a 'showing' rather than a blanket

assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  However, "we are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, -- U.S. --,  129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## DISCUSSION

Defendants seek dismissal of plaintiffs' complaint.  Defendants raise three issues in support of the motion to dismiss.  The court will address each in turn.

### 1. Section 1983

Defendants argue that pursuant to the holding in Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978), the City of Scranton cannot be liable under section 1983 for an injury solely inflicted by its employee. Defendants argue that plaintiffs failed to indicate any City policy or custom in order to establish municipal liability for a violation of plaintiffs' constitutional rights.  The court disagrees.

4

The plaintiffs allege a violation of 42 U.S.C. § 1983.  In pertinent part, section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be met.  First, the conduct complained of must have been committed by a person acting under color of state law.  Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law. Sameric Corp. of Delaware, Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998).

The Supreme Court stated that "for purposes of § 1983 an act could not be attributed to a municipality merely because it was an act of a municipal agent performed in the course of exercising a power delegated to the municipality by local law, and we reasoned instead that 'it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.'"  Board of Cnty Com'rs of Bryan Cnty, Okl. v. Brown, 520 U.S. 397, 417 (1997) (quoting Monell, 436 U.S. at 694).  This policy requirement is satisfied "where no rule has been announced as 'policy' but federal law has been violated by an act of the policymaker itself. In this situation, the choice of policy and its implementation are one, and

5

the first or only action will suffice to ground municipal liability simply because it is the very policymaker who is acting." Brown, 520 U.S. at 418 (citing Pembaur v. Cincinnati, 475 U.S. 469, 480-481 (1986)).

Liability only exists when "'there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).

In the instant case, plaintiffs allege that the City has an official policy or custom of not providing proper notice to property owners for the demolition of their property.  While defendants argue that plaintiffs did not point to a specific policy or custom in their complaint, we decline to adopt this requirement to survive a motion to dismiss.  There is no requirement at the pleading stage for plaintiff to identify a specific policy, as it would be "unduly harsh" at this early juncture.  Carter v. City of Philadelphia, 181 F.3d 339, 358 (3d Cir. 1999)  After discovery, plaintiffs may be able to identify a policy or custom executed by the City that deprived plaintiffs' of their constitutional rights.  However, at this early stage, their pleadings are sufficient.  Accordingly, the motion to dismiss on this point will be denied.

## 2. Qualified Immunity

Defendants argue that the claims brought against Defendants Mitchell, Seitzinger, and Graziano in their official capacities should be dismissed since any claims brought against individual defendants in their official capacities are claims against a municipality itself.  Plaintiffs argue that they are not suing the defendants in their official capacities, but instead in their individual capacities.  Plaintiffs argue that any reference to their official positions with the City is made in connection to their actions under color of state law.  The court agrees with the plaintiffs.

The court finds that the plaintiffs stated a claim against the individual defendants in their individual or personal capacities.  Plaintiffs name the defendants in their individual capacities in the caption and throughout the complaint.  At all relevant times, plaintiffs has referred to the defendants in their individual capacities with reference to their official titles to demonstrate that they acted under color of law.  State officials may in fact be held liable in their individual capacities for actions taken in their official capacities.  Hafer v. Melo, 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Accordingly, qualified immunity will not apply to the defendants in this suit.

## 3.  Punitive Damages

Defendants argue that punitive damages are barred against municipalities under section 1983.  Defendants also argue that because the individual defendants were acting in their official capacities at the time of the alleged constitutional violations, they cannot be subject to punitive damages.  Plaintiffs clarify that they are not seeking punitive damages against the City and that the individual defendants are being sued in their individual capacities.

The court finds that the plaintiffs have not stated a claim against the City.  The law provides that, "a municipality is immune from punitive damages under section 1983."  Newport v. Fact Concerts Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).  As for plaintiffs' claim against the individual defendants to obtain punitive damages, a "defendant's conduct [must be] shown to be motivated by evil motive or intent, or ... [involve] reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).  When suit is brought pursuant to section

1983, punitive damages are not available against state actors in their official capacities but are available against an official sued in his personal (or individual) capacity.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 13, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1981). Therefore, the punitive damages claim will not be dismissed, to the extent that it is directed at Defendants Mitchell, Seitzinger, and Graziano in their individual capacities.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss will be denied.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEODORE BUSH and PAMELA BUSH** | : | **No. 3:11cv670** |
| **Plaintiffs** | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **CITY OF SCRANTON, MICHAEL MITCHELL, Individually, MARK SEITZINGER, Individually and CARL GRAZIANO, Individually Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 26th day of October 2011, upon consideration of the defendants' motion to dismiss (Doc. 4) plaintiffs' complaint, it is HEREBY **ORDERED** that the motion is **DENIED**.

BY THE COURT:

/s Judge James M. Munley

**JUDGE JAMES M. MUNLEY**
**United States District Court**

9